1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EDWARD ANTHONY THROOP,

Petitioner,

v.

RALPH DIAZ, Warden,

Respondent.

Civil No.    12-1870 LAB (NLS)

**(1) ORDER DENYING IN FORMA PAUPERIS APPLICATION and**

**(2) NOTICE REGARDING POSSIBLE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Petitioner, a state prisoner proceeding pro se, has not paid the $5.00 filing fee and has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## APPLICATION TO PROCEED IN FORMA PAUPERIS

The request to proceed in forma pauperis is denied because Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status.  A request to proceed in forma pauperis made by a state prisoner must include a certificate from the warden or other appropriate officer showing the amount of money or securities Petitioner has on account in the institution.  Rule 3(a)(2), 28 U.S.C. foll. § 2254; Local Rule 3.2.  Petitioner has failed to

1  provide the Court with the required Prison Certificate.  In a letter attached to his application to

2  proceed in forma pauperis, Petitioner states that he requested his prison trust account statement

3  in early July but he had not received it as of July 24, 2012, and could not wait to file his Petition

4  until the prison delivered the statement.  However, as of today's date, no prison trust account

5  statement has been received by the Court.  Accordingly, Petitioner's request to proceed in forma

6  pauperis is **DENIED**.

7  **FAILURE TO ALLEGE EXHAUSTION OF STATE COURT REMEDIES**

8  Petitioner has not alleged exhaustion as to claim one.  (See Pet. at 6.)  Having

9  preliminarily determined the petition contains an unexhausted claim, the Court notifies Petitioner

10  of the possible dismissal of his petition.

11  The exhaustion requirement is satisfied by providing the state courts with a "fair

12  opportunity" to rule on Petitioner's constitutional claims.  Anderson v. Harless, 459 U.S. 4, 6

13  (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court,

14  either on direct appeal or through state collateral proceedings.[1]  See Sandgathe v. Maass, 314

15  F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must

16  be the same as that raised in the state proceedings.  See id.

17  Here, Petitioner has not alleged exhaustion as to claim one in which he argues his rights

18  to a fair trial and due process under the Sixth and Fourteenth Amendments were violated because

19  the government interfered with his right to present witnesses.  (Pet. at 6.)

20  //

21  //

22  //

23  //

24

25  [1]  28 U.S.C. § 2254 (b)(1)-(2) states:
26  (b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
   (A) the applicant has exhausted the remedies available in the courts of the State; or
27  (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

## 2.  PETITIONER'S OPTIONS

To avoid the Court dismissing the petition on its own accord, Petitioner may choose one of the following options.

### i)  First Option:  Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted.  If Petitioner chooses this option, his papers are due no later than **October 16, 2012** and Respondent may file a reply by **October 31, 2012**.

### ii)  Second Option:  Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claim.  Petitioner may then file a new federal petition containing only exhausted claims.  See Rose v. Lundy, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this second option, he must file a pleading with this Court no later than **October 16, 2012**  Respondent may file a reply by **October 31, 2012**..

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2]  The statute of

---

[2] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993.  However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending.  <u>Duncan,</u> 533 U.S. at 181-82.

**iii) Third Option:  Formally Abandon Unexhausted Claim**

Petitioner may formally abandon his unexhausted claim and proceed with his exhausted ones.  <u>See</u> <u>Rose</u>, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims").  If Petitioner chooses this third option, he must file a pleading with this Court no later than **October 16, 2012**  Respondent may file a reply by **October 31, 2012**..

Petitioner is cautioned that once he abandons his unexhausted claim, he may lose the ability to ever raise it federal court.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); <u>see also</u> 28 U.S.C. § 2244 (a)-(b).[3]

//

//

//

---

[3]  28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
  (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**iv) Fourth Option: File a Motion to Stay the Federal Proceedings**

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim. There are two methods available to Petitioner, the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he should ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there is an arguably meritorious claim which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to that claim, and that good cause exists for his failure to timely exhaust his state court remedies. Rhines v. Webber, 544 U.S. 269, 277-78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim, ask the Court to stay the proceedings and hold the fully-exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim after exhaustion is complete. King v. Ryan, 564 F.3d 1133 (9th Cir. May 5, 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim must be either timely under the statute of limitations or "relate back" to the claim in the fully-exhausted petition, that is, they must share a "common core of operative facts" with the previously exhausted claim. King, 564 F.3d at 1143, quoting Mayle v. Felix, 545 U.S. 644. 659 (2005).

If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **October 16, 2012** Respondent may file a reply by **October 31, 2012**.

//
//
//
//
//
//

**3. CONCLUSION**

Accordingly, the Court **DENIES** the request to proceed in forma pauperis, and **DISMISSES** the case without prejudice.  The Court further **NOTIFIES PETITIONER THAT HE HAS FILED A PETITION THAT CONTAINS BOTH EXHAUSTED AND UNEXHAUSTED CLAIMS.**

To have the case reopened, Petitioner must, <u>no later than **October 16, 2012**</u>, provide the Court with:  (1)  a copy of this Order together with the $5.00 filing fee; or (2)  a copy of this Order together with adequate proof that Petitioner cannot pay the $5.00 filing fee, AND choose one of the aforementioned options regarding his unexhausted claim.  ***The Clerk of Court is directed to send Petitioner a blank Application to Proceed In Forma Pauperis form along with a copy of this Order.***

**IT IS SO ORDERED.**

DATED:  August 17, 2012

**HONORABLE LARRY ALAN BURNS**
United States District Judge